**William WULFF, Plaintiff,**

v.

**TELE BROADCASTING SYSTEMS, INC., Defendant.**

No. 87–C–675.

United States District Court, E.D. Wisconsin.

June 14, 1988.

Dwight D. Darrow, Sheboygan, Wis., for plaintiff.

Perry H. Friesler, Milwaukee, Wis., for defendant.

DECISION AND ORDER

MYRON L. GORDON, Senior District Judge.

The defendant has moved for summary judgment asserting two principal bases for its motion. The first is the challenge to the court's jurisdiction over the defendant, and the second is the plaintiff's alleged failure to state a claim against the defendant.

Because I find that the defendant is entitled to the granting of its motion for summary judgment on the first asserted ground, I find no need to address the second facet of the motion or its attendant petition, which is to strike the plaintiff's claim for punitive damages.

The plaintiff is a Wisconsin resident who in late 1986 purchased certain telephone advertising equipment from the defendant. Tele Broadcasting Systems, Inc. is a Pennsylvania corporation, and it contends that it has not had sufficient contact with the state of Wisconsin to permit a finding of

jurisdiction under the Wisconsin long arm statute.

In his complaint, Mr. Wulff contends that he paid the defendant over $24,000 for the equipment in question and that he relied on the defendant's representations regarding the nature of the manner in which the telephone broadcasting equipment operated. He also charges that the defendant was aware at the time of the sale that the Wisconsin statutes prohibited the use of electronic prerecorded messages in telephone solicitations without the consent of the person called, and that this limitation negated all economic value of the equipment to the plaintiff. Accordingly, the plaintiff sought return of his $24,000 as well as punitive damages for the alleged misrepresentations made by the defendant.

The record before the court demonstrates that Mr. Wulff learned of the defendant's product through an advertisement in a national publication called "Changing Times." Mr. Wulff wrote to the defendant, and, subsequently, the sale was arranged. In addition to the transaction with Mr. Wulff, the defendant had made a sale to another individual in Madison, Wisconsin, about a year earlier; the defendant had no other sales transactions in the state of Wisconsin. Aside from its use of a national publication to advertise its product, the defendant did not solicit business in Wisconsin. Tele Broadcasting Systems, Inc. has established to the court's satisfaction that it has no employees located in Wisconsin and that it does not maintain a place of business in the state. Thus, the defendant's contacts with Wisconsin were extremely limited. After the appearance of its national advertisement, the defendant dealt with Mr. Wulff through the use of the mails and by telephone calls. No agent of the defendant appeared physically in Wisconsin, and the defendant did not maintain an office, a bank account, or a telephone number in Wisconsin.

With a certain amount of ingenuity, the plaintiff has set forth 11 separate paragraphs of conduct which he contends support the propriety of personal jurisdiction. *See* pages 9 through 11 of the plaintiff's brief in opposition to the defendant's motion for summary judgment. Nevertheless, these 11 paragraphs suggest nothing more to prove the existence of substantial contact with the state of Wisconsin than I have outlined above; the only possible exception to this statement is the assertion in paragraph numbered 10 (on page 10 of Mr. Wulff's brief) to the effect that Tele Broadcasting Systems, Inc. received 500 to 600 sales inquiries from residents of the state of Wisconsin each year. However, this does not contradict the defendant's basic premise that aside from mail and telephone communications, the defendant did not perform services in Wisconsin or otherwise demonstrate a sufficient presence in Wisconsin so as to warrant its being required to come to Wisconsin to defend itself.

The plaintiff has the burden of demonstrating that this court has jurisdiction over the defendant. *Nelson by Carson v. Park Industries, Inc.,* 717 F.2d 1120, 1123 (7th Cir.1983). The record before the court does not support the contention that Tele Broadcasting System, Inc. was "doing business" in Wisconsin or that, except for isolated transactions, it had any substantial activities which were continuous or systematic in the state of Wisconsin.

I believe that the due process tenet of fair play would be seriously offended by this court's exercising personal jurisdiction over the defendant. *International Shoe v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). There is nothing in the facts of this case, as reflected in the pleadings, depositions and affidavits which are now before the court, to support the plaintiff's claim that there is jurisdiction pursuant to the Wisconsin long arm statute, § 801.05. *See Lakeside Bridge & Steel Co. v. Mountain State Const.,* 597 F.2d 596, 599 (7th Cir.1979).

Although extensive arguments were presented in their briefs by counsel for both sides on the matters of the claimed insufficiency of the complaint to state a claim and the impropriety of punitive damages, I believe it would be inappropriate for this court to address those matters since this court does not have personal jurisdic-

**226**

tion over the defendant. Neither party has suggested a transfer of the case to another jurisdiction, and under the circumstances I deem it proper to dismiss the action for want of jurisdiction.

THEREFORE, IT IS ORDERED that the plaintiff's action be and hereby is dismissed for want of jurisdiction, without prejudice.